IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FAYNE MARIE VETTERNECK,

                Plaintiff,

v.

LELAND DUDEK,
Acting Commissioner of the Social Security Administration,

                Defendant.[1]

OPINION and ORDER

23-cv-95-jdp

---

      This case is an appeal of a decision denying Fayne Marie Vetterneck's claim for Social Security benefits. The court remanded the decision for further proceedings, and now Vetterneck moves for $14,844.20 in attorney and paralegal fees under the Equal Access to Justice Act (EAJA), which requires the court to award fees and other expenses to a prevailing plaintiff "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Vetterneck also filed a supplemental request for fees incurred preparing her reply brief.

      The commissioner does not dispute that Vetterneck is the prevailing party, but he contends that his position was substantially justified. He also says that Vetterneck has not shown that the requested amount is reasonable. For the reasons below, the court concludes that the commissioner's position was substantially justified, so Vetterneck is not entitled to fees. The court will deny both of Vetterneck's motions.

---

[1] The court has amended the caption to reflect Dudek's appointment as Acting Commissioner. *See* Fed. R. Civ. P. 25(d).

BACKGROUND

In 2014, Vetterneck was awarded benefits for disability beginning in 2005. R.17.[2] That decision was based on a finding that Vetterneck's depression met the requirements for Medical Listing 12.04. *Id.* But the agency discontinued benefits in 2019 for lack of evidence when Vetterneck failed to meet with agency staff or provide requested information. R. 100–13. Vetterneck then requested and received a hearing before an ALJ, who found that Vetterneck still suffered from depression and other mental impairments, but her condition had improved to the point that she was no longer disabled after September 30, 2019. R. 30.

On appeal, Vetterneck contended that the ALJ failed to adequately consider medical opinions from an examining psychologist and a state-agency psychologist. She also devoted a substantial portion of her briefs to arguing that the court could not find harmless error based on other medical opinions in the record that were not favorable to Vetterneck.

The court rejected Vetterneck's argument that the ALJ erred by failing to give any weight to the state-agency psychologist's opinion. That opinion was from 2014, so it would not be useful in determining whether Vetterneck's condition had improved in 2019. Dkt. 16, at 6–7. But the court agreed with Vetterneck that the ALJ did not adequately explain why he rejected the examining psychologist's report and opinion. *Id.* at 3–6. The commissioner did not make a harmless error argument, so it was not necessary to consider that issue. The court remanded the case for further proceedings.

---

[2] Record cites are to the administrative transcript located at Dkt. 4.

ANALYSIS

The key question raised in the commissioner's objection to Vetterneck's fee request is whether the commissioner's position in this case was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A). Case law has described that standard in different ways, but it boils down to whether reasonable people could disagree about whether the commissioner correctly applied the facts and the law. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Stein v. Sullivan*, 966 F.2d 317, 319–20 (7th Cir. 1992). The court considers both the ALJ's decision and the arguments the commissioner made before the district court. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).

This court remanded the case for only one reason: the ALJ failed to adequately explain why he discounted the report and opinion of Courtney Derus, a psychologist who conducted a mental status exam and performed four psychological assessments on Vetterneck in 2021. Based on her own evaluation and Vetterneck's medical records, Derus concluded that Vetterneck "does not appear capable of managing stable employment due to her significant psychological issues." R. 854.

The ALJ did not simply ignore Derus's report and opinion. Rather, he gave two reasons for concluding that the opinion was not persuasive: (1) Vetterneck obtained the opinion for the purpose of supporting her disability claim; and (2) Derus's conclusion that Vetterneck could not work was not helpful because it addressed "the specific issue reserved exclusively for the Commissioner," and it did not identify any specific functional limitations. R. 29.

The first reason was not substantially justified because it is contrary to *Punzio v. Astrue*, which held that "the fact that relevant evidence has been solicited by the claimant or her representative is not a sufficient justification to belittle or ignore that evidence." 630 F.3d 704,

3

712 (7th Cir. 2011). This is because the claimant is required to submit evidence showing that she cannot work, so if the medical records are inconclusive, the claimant must seek the opinion of an expert. *Id.* at 712–13. The court acknowledged the potential for bias when a claimant or her lawyer solicits an opinion, but any bias may be revealed by conducting "the searching inquiry" required by the regulations. *Id.* at 713. The court made the same point in *Moss v. Astrue*, 555 F.3d 556, 560–61 (7th Cir. 2009). The commissioner's position is not substantially justified when it conflicts with a "repeated holding" of the court of appeals. *See Stewart*, 561 F.3d at 684.

The commissioner tries to distinguish *Punzio* and *Moss* by noting that the medical opinions at issue in those cases were from treating physicians, but Derus examined Vetterneck only once. But the commissioner does not explain why that matters in this context. The point in *Punzio* and *Moss* was that the ALJ may not simply assume bias based on the claimant's solicitation of the report; instead, the ALJ must evaluate the report using the factors identified in the regulations. That reasoning applies equally to treating sources and non-treating sources. If anything, the potential for bias is greater in the context of treating sources because they have a closer relationship with the claimant and therefore are more likely to "bend over backwards to assist a patient in obtaining benefits." *Id.*

As for the ALJ's second reason for rejecting Derus's opinion, the court acknowledged in its previous decision that the ALJ was on "stronger footing" because the determination regarding whether a claimant is disabled *is* reserved to the commissioner under 20 C.F.R. § 1527(d)(1). Dkt. 16, at 4. And the lack of functional limitations in an opinion *does* make it less useful to the ALJ because the ALJ must include functional limitations in the residual functional capacity assessment.

4

But the court remanded the case because the ALJ's decision was in tension with *Garcia v. Colvin*, in which the ALJ rejected the opinion of a treating physician who stated that the claimant was "disabled and unable to perform any functions." 741 F.3d 758 (7th Cir. 2013). The court of appeals concluded that the ALJ erred, reasoning as follows:

> The [administrative law] judge's ground [for rejecting the treating physician's opinion] was that determining disability is reserved to the Commissioner of Social Security (by which the administrative law judge meant reserved to him). That isn't true. What is true is that whether the applicant is sufficiently disabled to qualify for social security disability benefits is a question of law that can't be answered by a physician. But the answer to the question depends on the applicant's physical and mental ability to work full time, and that is something to which medical testimony is relevant and if presented can't be ignored. *See Bjornson v. Astrue*, 671 F.3d 640, 647–48 (7th Cir. 2012); *Ferguson v. Commissioner of Social Security*, 628 F.3d 269, 272–73 (6th Cir. 2010). Though not bound by the statement in the doctor's letter that "Mr. Garcia will be unable to return to any form of employment," because a doctor may not be acquainted with the full range of jobs that a person with Garcia's ailments could fill, the administrative law judge, if he thought this a possibility, should have asked the doctor to specify more exactly what "functions" Garcia is incapable of performing. It appears from the doctor's report and testimony that the functions Garcia can't perform include virtually everything he'd need in order to be capable of full-time employment.

*Id.* at 760–61. *Garcia* supports a conclusion that the ALJ may not reject a medical expert's opinion that a claimant is unable to work out of hand. Rather, the ALJ must consider the substance of the opinion and seek clarification if it is needed.

In this case, the ALJ did not consider the substance of Derus's report describing Vetterneck's deficits related to her memory, concentration, anger management, and fund of knowledge. In light of *Garcia*, this court concluded that a remand was required. But the scope of *Garcia* is far from clear. More recent decisions have emphasized that it is the claimant's burden to prove her claim, and the ALJ has discretion whether to seek clarification of a

5

conclusory medical opinion, especially in a case like this one in which the claimant was represented by counsel at the administrative level. *See Hess v. O'Malley*, 92 F.4th 671, 678–79 (7th Cir. 2024). Moreover, the observations Derus made in her report were far from conclusive. As the commissioner points out, some of Derus's statements were tentative or vague. For example, she stated that "extreme displays of anger . . . would not be unexpected," that Vetterneck's "problematic personality characteristics . . . may result in" various mental health symptoms, and that Vetterneck's "clinical profile" is "usually associated with marked distress and severe impairment in functioning," without making a determination whether Vetterneck was so impaired. R. 848–53. Under these circumstances, it would be reasonable for the ALJ to conclude that he could not infer any specific functional limitations from the report.

The bottom line is that it was a close call whether the ALJ adequately considered Derus's report. Reasonable people could disagree on that issue, so the commissioner's position was substantially justified, and Vetterneck is not entitled to fees.

ORDER

IT IS ORDERED that Fayne Marie Vetterneck's motion for fees under 28 U.S.C. § 2412, Dkt. 18, and her supplemental motion for fees, Dkt. 27, are DENIED.

Entered April 18, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge